# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 28, 2026

* * * * * * * * * * * * * * *   *
CHRIS SULLIVAN and MICHELLE     *
ROUTHIER, *representatives of the*     *
*estate of* C.S.,     *
    *
        Petitioners,     *       No. 23-670V
    *
v.     *       Special Master Young
    *
SECRETARY OF HEALTH     *
AND HUMAN SERVICES,     *
    *
        Respondent.     *
* * * * * * * * * * * * * *   *

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioners.
*Jay Travis Williamson*, United States Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On May 5, 2023, Chris Sullivan and Michelle Routhier ("Petitioners") filed a petition on behalf of C.S., a minor child, for compensation under the National Vaccine Injury Compensation Program ("the Program").[2] Pet., ECF No. 1. Petitioners alleged that C.S. suffered a viral-strain measles infection as a result of the measles, mumps, rubella, and varicella vaccine ("MMRV vaccine") administered to C.S. on September 24, 2020. Am. Pet., ECF No. 33. Petitioners further alleged that C.S. died as the result of encephalitis which was caused by C.S.'s measles infection. *Id.*

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On January 27, 2026, Respondent filed a report pursuant to Vaccine Rule 4(c) stating that Petitioners' claim was appropriate for compensation. Resp't's Rep. at 2, ECF No. 49. Specifically, Respondent agrees with Petitioners' claim that C.S. suffered the Table injury of vaccine-strain measles viral disease in an immunodeficient recipient following the MMRV vaccine. *Id.* at 14. Specifically, Respondent states that the evidence in this case "preponderantly establishes that C.S.'s measles illness involved the brain, that the measles virus was isolated from the brain, and that a proper strain determination revealed vaccine-strain virus." *Id.* at 14–15 (citing 42 C.F.R. § 100.3(c)(8)).

A special master may determine whether petitioners are entitled to compensation based upon the record. A hearing is not required. §300aa-13; Vaccine Rule 8(d). In light of Respondent's concession and a review of the record, I find that Petitioners are entitled to compensation. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master